IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FALCON HEADWEAR, INC., } | | |
| *Plaintiff* } | | |
| v. } | CIVIL ACTION NO. H-05-1542 | |
| } | | |
| RODNEY JACKSON ET AL. } | | |
| *Defendants* | | |

## ORDER GRANTING REMAND

Pending before the Court is Plaintiff Falcon Headwear Inc.'s ("Falcon Headwear") motion to remand (Instrument No. 38). In its motion, Plaintiff argues that this court lacks jurisdiction under 28 U.S.C. § 1332 because Defendant Brad Jackson is a citizen of Texas. Defendants concede that Brad Jackson is a citizen of Texas, but argue that he was fraudulently joined to defeat diversity jurisdiction. For the following reasons the Court **ORDERS** that Plaintiff's motion is **GRANTED**.

## I. RELEVANT JURISDICTIONAL FACTS

On 29 March 2005, Falcon Headwear filed suit against Rodney Jackson, Bill Hensley, Next Marketing, Inc., Randall Howe, Plastic Art Products, Ltd., Brad Jackson, Brent P. Johnson, Sheridan Ross, P.C. and Headline Sports, Inc. ("Defendants"). It asserted claims for 1) breach of contract; 2) violations of the Texas Deceptive Trade Practices Act; 3) fraud; 4) fraudulent concealment; 5) conspiracy; 6) tortious interference with a contract; 7) tortious interference with a prospective contract/business relation; 8) an accounting; 9) defamation; 10) intentional misrepresentation of material facts; 11) breach of the covenant of good faith and fair dealing; 12) constructive trust; 13) violations of the Texas Free Enterprise and Antitrust Act; 14) promissory estoppel; and 15) claim for attorney's fees. With the exception of Brad Jackson, all the named

defendant are citizens of states other than Texas. Plaintiff is incorporated in Florida and claims to have its principle place of business in Conroe, Texas.[1]

Defendants removed the case to this court on 28 April 2005, Plaintiff filed its motion to remand on 27 May 2005, Defendants have responded and the motion is ripe for decision.

**II. LAW**

The Fifth Circuit recognizes two ways to show improper joinder: "(1) actual fraud in the pleading of the jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003). Here, Defendants argue that Plaintff cannot establish a cause of action against Brad Jackson in state court. The test is therefore, "whether defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Whether a plaintiff has a possibility of recovery can be resolved either by conducting a Rule 12(b)(6)-type analysis or, in some limited cases[2], "piercing the pleadings and conduct[ing] a summary inquiry." Id. (internal citations omitted).

Plaintiff, in its motion to remand, limits its claims against Brad Jackson to fraud and conspiracy. Mot. at ¶ 21. Under Texas law, a cause of action for fraud requires (1) a material misrepresentation, (2) which was either known to be false when made or was asserted without knowledge of its truth, (3) was made with the intention that it be acted upon by the other party, (4) the other party acts in reliance upon it, and (5) the other party suffers harm as a result of that reliance. Bradford v. Vento, 48 S.W.3d 749, 755 (Tex. 2001). Fraud may also occur when (1) a party conceals or fails to disclose a material fact within their knowledge, (2) the party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth,

---

[1] Defendants argue that Plaintiff's principle place of business is in Boca Raton, Florida. The presence of a Texas resident as a defendant would make the removal improper under 28 U.S.C. 1441(b); therefore, Plaintiff's citizenship is irrelevant to the disposition to this motion.

[2] The Fifth Circuit observed: "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Smallwood, 385 F.3d at 574.

(3) the party intends to induce the other party to take some action by concealing or failing to disclose the fact, and (4) the other party suffers injury as a result of acting without knowledge of the undisclosed fact. Id. at 755-56.

Texas law grants attorneys a limited immunity from civil liability for actions taken within the scope of their employment. Guthrie v. Buckley, 79 Fed. Appx. 637, 638; 2003 U.S. App. LEXIS 22115 (5th Cir. 2003) (unpublished) (dismissing claims against lawyer for malicious prosecution). This reasoning does not, however, extend to conduct "foreign to the duties of an attorney." Poole v. Houston & T.C. Ry. Co., 58 Tex 134, 137 (1882). Fraudulent conduct is of this type. Id.; see also, Mendoza v. Fleming, 41 S.W.3d 781, 787 (Tex. App. – Corpus Christi 2001); Ouerner v. Rindfuss, 966 S.W.2d 661, 666 (Tex. App. – San Antonio 1998).

Unlike the Federal Rules – which require fraud to be pled with particularity – Texas's procedural rules require only a plain and concise statement of plaintiff's cause of action sufficient to provide defendant with notice of the claim pursued and relief sought against him. Tex. R. Civ. P. 45(b). A pleading provides fair notice of the claim involved when "an opposing attorney of reasonable competence could examine the pleadings and ascertain the nature and basic issues of the controversy and the relevant testimony." Woolam v. Tussing, 54 S.W.3d 442, 448 (Tex. App. – Corpus Christi 2001) (citing State Fid. Mortgage Co. v. Varner, 740 S.W.2d 477, 478 (Tex. App. – Houston [1st Dist.] 1987, writ denied)).

### III. APPLICATION OF LAW TO THE FACTS

In this case, Plaintiff has pled a valid cause of action against Defendant Brad Jackson for fraud: Plaintiff contends that Jackson participated in a scheme to defraud it, that he furthered that scheme by making material misrepresentations, and that Plaintiff was injured thereby. Texas law requires no more. Nevertheless, Defendants argue that Plaintiff's fraud claim against Jackson fails because it does not plead fraud with sufficient particularity. As discussed above, Texas does not require fraud to be pled with particularity. Moreover, the Fifth Circuit's holding in Smallwood that, "when a nonresident defendant's showing that there is no reasonable basis for predicting that state

law would allow recovery against an in-state defendant equally disposes of all defendants, there is no improper joinder of the in-state defendant," prevents this Court from denying remand on an issue that would infect Plaintiff's claims against all the Defendants.

## IV. CONCLUSION

For the aforementioned reasons, the Court **ORDERS** that Plaintiff's motion to remand is **GRANTED**. This case is **REMANDED** to the 221st Judicial District Court of Montgomery County, Texas.

**SIGNED** at Houston, Texas, this 10th day of March, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE